#### UNITED STATES DISTRICT COURT
#### DISTRICT OF MARYLAND

DAVID THORNTON,

   Plaintiff,

   v.

NURSE CINDY,
NURSE ALICE,

   Defendants.

Civil Action No.: ELH-22-2610

### MEMORANDUM

Self-represented plaintiff David Thornton, who is incarcerated at Maryland Correctional Training Center ("MCTC"), has filed suit against Nurse Cindy[1] and Nurse Alice, complaining that he was mistakenly given someone else's medication in June 2020. ECF 1. The Complaint is supported by exhibits.

Plaintiff seeks permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Because plaintiff appears indigent, his request to proceed without pre-payment of the filing fee is granted. Additionally, I must review plaintiff's Complaint with respect to the criteria under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

For the reasons that follow, I shall dismiss the suit, without prejudice.

### A.

Plaintiff does not identify the basis for this court's jurisdiction to hear his claim. Federal courts are courts of limited jurisdiction. *Home Buyers Warranty Corp. v. Hanna,* 750 F.3d 427, 432 (4th Cir. 2014) (quotation marks omitted) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,*

---

[1] Plaintiff also referred to this individual as Nurse Carie and Nurse Cathy. *See* ECF 1-1 at 2, 5.

511 U.S. 375, 377 (1994)). Thus, a federal district court may only adjudicate a case if it possesses the "power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005) (internal quotation marks omitted). As the Fourth Circuit stated in *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008), if a party seeks to proceed in federal court, he "must allege and, when challenged, must demonstrate the federal court's [subject matter] jurisdiction over the matter." Indeed, "if Congress has not empowered the federal judiciary to hear a matter, then the case must be dismissed." *Hanna,* 750 F.3d at 432.

Put another way, "[a] court is to presume . . . that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole,* 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen,* 511 U.S. at 377). Even when no party challenges subject matter jurisdiction, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Hertz Corp. v. Friend,* 559 U.S. 77, 94 (2010).

Congress has conferred jurisdiction on the federal courts in several ways. To provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States. *Exxon Mobil Corp.,* 545 U.S. at 552; 28 U.S.C. § 1331; *see also* U.S. Constitution Art. III, § 2 ("The Judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made . . ."). This is sometimes called federal question jurisdiction.

Under 28 U.S.C. § 1367(a), district courts are granted "supplemental jurisdiction over all other claims that are so related to claims in the action within [the courts'] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

In addition, "Congress . . . has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens," so long as the amount in controversy exceeds $75,000. *Exxon Mobil Corp.*, 545 U.S. at 552; *see* 28 U.S.C. § 1332. However, it is crystal clear that diversity jurisdiction "requires complete diversity among parties, meaning that the citizenship of *every* plaintiff must be different from the citizenship of *every* defendant." *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011) (emphasis added); *see Strawbridge v. Curtiss,* 7 U.S. 267 (1806).

The citizenship of the litigants is central when diversity jurisdiction is invoked. *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998). Notably, "state citizenship for diversity jurisdiction depends not on residence, but on national citizenship and domicile." *Id*. (citation omitted). And, "the existence of such citizenship cannot be inferred from allegations of mere residence, standing alone." *Id.*; *see also Robertson v. Cease*, 97 U.S. 646, 648 (1878) ("Citizenship and residence, as often declared by this court, are not synonymous terms."). In other words, for "purposes of diversity jurisdiction, residency is not sufficient to establish citizenship." *Johnson v. Advance Am., Cash Advance Ctrs. of S.C., Inc.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008). Rather, a U.S. national is a citizen of the state where the person has his or her domicile, which "requires physical presence, coupled with an intent to make the State a home." *Id*.

The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); accord *Hertz Corp.*, 599 U.S. at 95; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction

3

"must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)).

**B.**

Plaintiff alleges that for six days in June of 2020, he was given the prescription medication Mavyret, which is used to treat Hepatitis C. ECF 1 at 2-3. Plaintiff does not suffer from the Hepatitis C Virus, however. And, the medication was intended for another inmate who is also named David Thornton. *Id*. at 3. The medication caused plaintiff to suffer nausea, dizziness, and diarrhea. *Id.*

Eventually, plaintiff was seen in the medical department, where the error concerning the medication was discovered. ECF 1-1 at 6, 9. Thereafter, plaintiff filed an administrative grievance regarding the improper provision of medication to him, seeking compensation for the medical providers' "malpractice" and "incompetence". ECF 1-1 at 3.

The Warden found plaintiff's request for administrative remedy "meritorious." ECF 1-1 at 1. However, the Inmate Grievance Office ("IGO") disagreed. *Id.* at 11. The IGO concluded that the grievance was "wholly lacking in merit" because it was directed against medical staff employed by a private health care contractor, and did not concern employees of the Division of Correction. *Id.*

Plaintiff seeks to be compensated for his pain and suffering. But, he does not assert a civil rights violation. Rather, he claims the error was due to defendants' "negligence." ECF 1 at 4.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of this Complaint. The Court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks

4

monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

The pleadings of self-represented litigants are liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Plaintiff's claims are insufficient to state a claim under the Eighth Amendment.  He has alleged only that Nurses Cindy and Alice were negligent in administering medication to him that was prescribed for another inmate with the same name.

To state an Eighth Amendment claim concerning medical care, a plaintiff must demonstrate that the actions of the defendants, or their failure to act, amounted to deliberate indifference to a serious medical need.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed either to provide it or ensure it was available.  *See Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994); *see also Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209-10 (4th Cir. 2017); *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008).

A successful claim requires proof that the defendant was subjectively reckless in treating or failing to treat the serious medical condition.  *See Farmer*, 511 U.S. at 839-40. "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted), *overruled in part on other grounds by Farmer*, 511 U.S. at 837.  Reckless disregard occurs when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U.S. at 837.

5

"[A] complaint that a [medical provider] has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Plaintiff's Complaint lacks factual allegations showing that either of the named defendants distributed the medication with a conscious disregard of an excessive risk to plaintiff's health. In short, the alleged erroneous distribution of medication to plaintiff fails to state a claim of deliberate indifference. *See Tillery v. Virginia Peninsula Regional Jail*, 2020 WL 6742991 *3 (E.D. Va. Nov. 17, 2020) (holding that dispensing the wrong medication to an inmate without an allegation that the act was done intentionally does not constitute deliberate indifference and amounts, at most, to negligence).

The alleged conduct does not amount to a federal claim. At best, the Complaint asserts a claim of negligence or medical malpractice. Such claims arise under Maryland law and may not be brought in this court, in the absence of diversity jurisdiction.

## C.

As noted, under 28 U.S.C. § 1332(a), a federal district court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. The statute "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996)).

It appears, however, that both plaintiff and the named defendants are citizens of Maryland. And, the conduct giving rise to the Complaint occurred in Maryland. Thus, diversity jurisdiction does not exist.

Even if plaintiff were able to establish diversity jurisdiction, the Complaint would nevertheless be subject to dismissal. A negligence claim based on medical care is a malpractice claim that, under Maryland law, plaintiff may assert only if he can demonstrate that he exhausted administrative remedies by first presenting his claim to the Maryland Health Care Alternative Dispute Resolution Office. *See* Md. Code, Cts. & Jud. Proc. §§ 3-2A-10; *Wilcox v. Orellano*, 115 A.3d 621, 625 (Md. 2015); *Rowland v. Patterson*, 882 F.2d 97, 99 (4th Cir. 1989) (holding that this requirement applies to medical malpractice claims filed in state or federal court).

There is no basis to conclude that plaintiff satisfied this requirement as to either of the named defendants. Therefore, the Complaint must be dismissed, without prejudice.

Plaintiff may proceed with his claim in State court, to the extent permitted by Maryland law.

A separate Order follows.


Date:  October 20, 2022               /s/
                                      Ellen L. Hollander
                                      United States District Judge